FILED
2012 Aug-24 PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel ONE STOP ENVIRONMENTAL, LLC | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff One Stop Environmental, LLC files its complaint against defendant Westchester Fire Insurance Company as follows:

### PARTIES

1.  Plaintiff One Stop Environmental, LLC ("OSE") is a corporation, organized and existing under the laws of the State of Alabama and doing business in Alabama.

2.  Defendant Westchester Fire Insurance Company ("Westchester") is a corporation, organized and existing under the laws of the State of Pennsylvania.

1221664.1

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 1331(b)(3)(B). Venue is proper because the Northern District of Alabama, Northeastern Division, is the district and division in which the contract was to be performed and executed. 40 U.S.C. § 3133(b)(3)(b).

## FACTS

4.     Pursuant to Master Contract W912DY-10-D-0033 (including Task Order 0004 and all revisions/modifications), NCM Demolition and Remediation, LP ("NCM") contracted with the United States Army Corps of Engineers, Huntsville Center, Facilities Reduction Program Mideast to serve as prime contractor on the Redstone Arsenal Abatement Project (the "Project").

5.     On February 21, 2012, NCM obtained a Miller Act payment bond, Bond No. K0791156, (the "Payment Bond"), from Westchester in the amount of $104,497,000.00.[1] In the Bond, Westchester agreed to be bound "jointly and severally" as well as "severally" with NCM to make payment to "all persons (claimants) having a contract relationship with [NCM] for furnishing labor, material or both in the prosecution of [Contract No. W912DY-10-D-0033]."

---

[1] A copy of the subject payment bond is attached as Exhibit A.

6. On November 3, 2011, OSE entered into an Environmental Services Agreement and Work Order # 50-00-102 (collectively, the "Agreement") with NCM, pursuant to which OSE agreed to furnish labor and material for the Project.[2]

7. On or about April 5, 2012, NCM issued a Notice to Cure letter in accordance with Paragraph 18 of the Agreement and identified certain deficiencies to be remedied.

8. Upon receiving the notice, OSE cured several of the conditions and provided satisfactory evidence that the others would be corrected.

9. On or about April 13, 2012, NCM notified OSE of termination for default of the Agreement. Pursuant to Paragraph 18 of the Agreement, NCM is entitled to terminate the Agreement only if OSE "fails to cure the default conditions, or provide satisfactory evidence that such default will be corrected."

10. As OSE did not "fail[] to cure the default conditions, or provide satisfactory evidence that such default [would] be corrected," NCM breached the Agreement by terminating OSE for default.

11. OSE's last day of work on the Project was April 16, 2012. Despite OSE's performance and multiple demands for payment under the Agreement, NCM has failed and refused to make payment to OSE.

---

[2] A copy of the Agreement is attached as Exhibit B.

12. OSE furnished labor or material in carrying out work provided for in the Agreement and has not been paid in full within 90 days after the day on which OSE did or performed the last of the labor or furnished or supplied the material for which this claim is made. 40 U.S.C. § 3133(b)(1).

13. This action has been instituted within the time prescribed by 40 U.S.C. § 3133(b)(4) and not more than one year after the day on which the last of the labor was performed by OSE

14. On July 3, 2012, OSE made formal demand for payment on the Payment Bond by sending a certified letter to NCM and Westchester, providing factual support for its demand, itemizing the amounts owed, and attaching documentation in support of the amounts owed. Westchester has not responded to OSE's claim.

15. Westchester is obligated, pursuant to the Payment Bond and the Miller Act, to pay OSE for the labor and materials it furnished in the prosecution of the work provided for in the Agreement, and for which NCM failed to make payment.

WHEREFORE, plaintiff One Stop Environmental, LLC demands judgment against defendant Westchester Fire Insurance Company in the amount of $108,512.70, together with interest, attorneys' fees, costs and all other damages and relief the Court deems just and proper.

Dated: August 20, 2012.

                                            One of the Attorneys for Plaintiff
One Stop Environmental, LLC

**OF COUNSEL:**

Charles A. Burkhart
L. Conrad Anderson IV
BALCH & BINGHAM LLP
1901 6th Ave. North, Suite 1500
Birmingham, AL 35203
Telephone: 205.251.8100
Fax: 205.488.5689

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Westchester Fire Insurance Company
436 Walnut Street
Philadelphia, PA 19106